GMAC Mortgage LLC v. Saunders, No. 22-1-10 Bncv (Wesley, J., Jan. 26, 2011)

[The text of this Vermont trial court opinion is unofficial.  It has been reformatted from the original.  The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

### STATE OF VERMONT
### SUPERIOR COURT

| | |
|---|---|
| **GMAC MORTGAGE LLC**<br>  **Plaintiff**<br><br>  **v.**<br>**Mary L Saunders, et al**<br>  **Defendant**<br><br>  **v.**<br>**Lizanne Degan**<br>**Proposed Intervenor** | **BENNINGTON UNIT, CIVIL DIVISION**<br>**Docket No. 22-1-10 Bncv** |

## ORDER DENYING MOTION TO INTERVENE

Plaintiff brought this foreclosure action on 1/21/2010.  Service was complete on Defendants Mary L. Saunders and Keith Casey on 1/25/2010 and on Defendant Citifinancial, Inc. on 2/3/2010.  Default judgment issued against Citifinancial on 5/12/2010.  Following a hearing on Plaintiff's motion for summary judgment against Defendants Saunders and Casey, the Court granted Defendants one week to seek mediation pursuant to recently enacted 12 V.S.A. § 4633, indicating in its entry issued 7/29/2010 that the proceedings would be stayed pending mediation.  The Court approved Defendants' request for mediation by entry issued 9/2/2010, and the parties have specified Rodney McPhee, Esq. as the mediator by designation filed 9/28/2010.  There is no report, as yet, regarding the results of mediation.

On 11/3/2010, purporting to represent an interested party, Lizanne Degan, Attorney A. Jeffrey Taylor entered his appearance and filed a Motion to Dismiss, claiming that Plaintiff was without standing to prosecute the foreclosure action.  In response, the Court held on 11/17/2010 that Ms. Degan's motion could not be accepted for filing as she had not sought leave to intervene pursuant to V.R.C.P. 24.

Proposed Intervenor Degan has now filed a motion pursuant to Rule 24 by which she claims an interest in the subject property arising from a judicial lien, and seeks to prosecute common questions of law and fact which she claims are inherent in the foreclosure action; namely, her contention that Plaintiff is without standing and that her judicial lien must be accorded priority over the note and mortgage which are the subject of Plaintiff's foreclosure complaint.

Plaintiff opposes the motion to intervene.  It is undisputed that Ms. Degan's judicial lien, based on a restitution judgment against Defendant Saunders, was not recorded in the Manchester Land Records until 7/29/2010, more than six months following Plaintiff's recording of its foreclosure complaint on 1/21/2010.  Thus, at the

time she recorded her judgment, Ms. Degan was on record notice of the pending foreclosure action and became subject to any judgment "without further notice or service". 12 V.S.A.§ 4523. Having attempted to establish an interest in the subject real estate after record notice of the foreclosure action had been perfected, Ms. Degan is entitled to neither party status, nor redemption rights. Her suggestion that her motion to intervene should be granted because there is no final judgment is unsupported by any authority, and inconsistent with the statutory scheme represented by §4523 and § 4524, both of which establish summary proceedings without further notice or hearing for extinguishing the interests of claimants which were filed after the filing of the foreclosure complaint in the town clerk's office.

Even assuming that the above-cited statutes did not effect a complete bar to Ms. Degan's attempt to seek party status to challenge the priority of Plaintiff's mortgage, she has failed to show that she has any legal claims that merit granting her motion to intervene. By her claim that Plaintiff's mortgage is a nullity and without legal existence, due to the presence in the chain of title of Mortgage Electronic Registration Systems (MERS), Ms. Degan extrapolates from two trial court decisions, *Deutsche Bank v Parisella, et al*, Doc. No. S0758 -09 Cnc (Toor,J.), which in turn relied on Judge Cohen's ruling in *MERS v Johnston*, Doc. No. 420-6-09 Rdcv. However, neither of those holdings stand for the proposition that a mortgage which was granted initially, or later assigned, to MERS voids the underlying obligation or makes the note and mortgage unenforceable. Rather, as Judge Cohen allowed in*U.S. Bank National Association v Wyman, et al*, Doc. No. 466-6-09 Rdcv (Entry Order Re Motion for Default Judgment, 10/20/2009), this Court has addressed the apparent lack of standing on the face of complaints involving MERS by granting the plaintiff an opportunity within a reasonable time to demonstrate "that it is entitled to enforce the Promissory Note pursuant to 9A V.S.A. § 3-301". In a majority of cases, plaintiffs in such situations have succeeded in remedying the initial defects in pleading.

In the current action, the Court perceived no insufficiency on the face of Plaintiff's complaint with regard to standing. The complaint recites that mortgagors granted a note to GMAC Mortgage Corporation d/b/a ditech.com. Although MERS was the original mortgagee, the complaint further alleges that as nominee for GMAC Mortgage Corporation d/b/a ditech.com, MERS assigned the mortgage to Plaintiff, GMAC Mortgage, LLC. Most importantly, the complaint alleges at ¶ 6 that the promissory note executed in favor of GMAC Mortgage Corporation d/b/a ditech.com "was endorsed in blank and Plaintiff is in possession of the note". This allegation directly addresses the defect in standing identified by Judge Cohen, when he expressed concern that "the Court cannot allow the assignee of only a security interest to enforce the mortgage deed, as this could expose the obligor to a double liability; a 'person to enforce', 9A V.S.A. § 3-301, could later rightly seek to enforce the unsecured obligation." *Wyman* at p. 4. Contrary to *Wyman*, where the complaint was silent as to the status of the original note, Plaintiff here alleges that it is a holder, legally entitled to enforce the promissory note and its underlying mortgage, since it is currently in physical possession of the note, endorsed in blank. See, 9A V.S.A.§ 3-205(b)(blank indorsement becomes payable to bearer). In short, the spectre of some other holder entitled to enforce

2

the note - which was the principal concern of Judge Cohen and others who have questioned standing *sua sponte* in transactions in which MERS role as nominee is inadequately explained - is absent when Plaintiff supports its claim of assignment with possession of the original note, properly indorsed.

As explained above, Ms. Degan has not demonstrated that she has any right to intervene as a junior lienholder attempting to establish an interest after Plaintiff provided record notice of this foreclosure action. Even if her claim was not absolutely barred by the notice statute, she has established no colorable basis for the claim that her judgment lien is entitled to priority over the note and mortgage now held by Plaintiff.

Dated at Bennington this       day of       , 2011.


_____
John P. Wesley
Superior Court Judge